UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

United States of America ) Case No. **CR 12-1074-JFW**
)
            Plaintiff, ) **FINDINGS OF FACT AND**
    v. ) **CONCLUSIONS OF LAW RE: MOTION**
) **FOR DECLARATION OF BAIL**
Jaime Pastrana, ) **FORFEITURE AND ENTRY OF**
) **JUDGMENT OF DEFAULT [filed**
            Defendant. ) **1/10/2013; Docket No. 52]**
_____ )

   Plaintiff United States of America's Motion for
Declaration of Bail Forfeiture and Entry of Judgment of
Default came on regularly for hearing before the undersigned
United States District Court on February 25,2013.  Plaintiff
United States ("Plaintiff") appeared through its attorney of
record, Assistant United States Attorney Brent A. Whittlesey.
Defendant Jaime Pastrana (fugitive) appeared through his
attorney of record James Spertus.  Surety Jose Pastrana
appeared through his attorney of record, Arturo Santana, Jr.
Surety Oscar Abadia appeared personally.  Based on the
pleadings filed by the parties with respect to this matter,
the statements and arguments of counsel, and the evidence

presented at the hearing, the Court makes the following findings of fact:

1.  Plaintiff's motion seeks a bail forfeiture and entry of a judgment of default pursuant to Fed. R. Crim. P. 46(f), against Defendant Jaime Pastrana in the amount of $75,000 and against sureties Jose Pastrana, Socorro Gonzalez, and Oscar Abadia each in the amount of $25,000.  Plaintiff further seeks an order directing the Clerk of the Court to transfer $5,000 in cash being held for Pastrana's bond to the United States.

2.  On November 6, 2012, a grand jury in the Central District of California returned an indictment charging defendant Pastrana with conspiracy to launder money, conspiracy to evade reporting requirements, and structuring in violation of 18 U.S.C. § 1956(h), 18 U.S.C. § 371, and 31 U.S.C. § 5324(a)(3). CR 1.[1]

3.  On November 27, 2012, U.S. Magistrate Judge Paul Abrams set bond for defendant Pastrana in the amount of $75,000.  CR 19.

4.  Defendant's brother, Jose Pastrana, and his sister-in-law, Socorro Gonzalez, appeared at the bond hearing before Judge Abrams.  At the hearing, Jose Pastrana and Socorro Gonzalez each agreed to act as sureties for defendant in the amount of $25,000.  Jose Pastrana met out of the presence of the court with attorney James Spertus to discuss acting as a surety for Defendant Jaime Pastrana's bond.  Mr.

---

[1]  As used herein, "CR" refers to the Clerk's Record for this case, followed by the reference number.

Spertus fully advised Jose Pastrana of the terms of his
agreement to act as surety for Defendant Jaime Pastrana's
bond and specifically advised that in the event the defendant
failed to comply with the terms of his bond, Jose Pastrana
would be indebted to the United States in the amount of
$25,000.  Jose Pastrana agreed to become obligated to the
United States in the amount of $25,000 in order to secure his
brother's release on bond.  Following the meeting with
attorney Spertus, Jose Pastrana appeared before Judge Abrams
who asked Jose Pastrana if he was willing to be obligated to
the United States in the amount of $25,000 to secure his
brother's release on bond.  Jose Pastrana indicated to Judge
Abrams that he was willing to act as surety in the amount of
$25,000.  Based on Jose Pastrana's representation, Judge
Abrams ordered Defendant Jaime Pastrana released forthwith.

5.   Due to a clerical oversight, Jose Pastrana was not
required to sign the Affidavit of Surety form before the
release of Defendant Jaime Pastrana, and Jose Pastrana has
never signed the Affidavit of Surety form.  However, based on
the foregoing, the Court finds that Jose Pastrana entered
into an oral agreement with the Government to act as surety
for Defendant Jaime Pastrana's bond and he agreed to be
obligated to the United States in the amount of $25,000 if
Defendant Jaime Pastrana failed to comply with the terms of
his bond.

6.   In addition, the Court finds that Oscar Abadia and
Socorro Gonzalez each executed Affidavits of Surety in the
amount of $25,000 to secure the release of Defendant Jaime

1  Pastrana.   Neither of those sureties has filed a written
2  objection to the bond forfeiture motion.   Although Mr. Abadia
3  appeared at the hearing and advised the Court that he is
4  unable to pay the full amount of the surety bond, Mr. Abadia
5  did not present any legal reason why judgment should not be
6  entered against him.

7      7.   On December 3, 2012, the Court conducted a trial
8  setting conference.   CR 40.   Defendant Jaime Pastrana did not
9  appear, and this Court issued a warrant for his arrest. Mr.
10 Spertus stated at the hearing on the bond forfeiture motion
11 that Defendant Jaime Pastrana is a fugitive and that his
12 present whereabouts are not known to Mr. Spertus. CR 40.   In
13 addition, Pretrial Services has recently confirmed that Jaime
14 Pastrana remains a fugitive.

15     Based on the foregoing findings of fact, the Court
16 reaches the following conclusions of law:

17     1. Pursuant to Rule 46(f) of the Federal Rules of
18 Criminal Procedure, the Court is required to declare bail
19 forfeited if a condition of a defendant's bond is breached.
20 Further, the court is required to enter a bond forfeiture
21 judgment in the event the government requests such a
22 judgment.

23     2. A bail bond is a contract between the government and
24 the defendant.   United States v. Plechner, 577 F.2d 596, 598
25 (9th Cir. 1978). When there is a breach of a condition of the
26 bond, the district court shall declare a forfeiture.   United
27 States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985);
28 United States v. Stanley, 601 F.2d 380, 382 (9th Cir. 1979).

4

3. Defendant Jaime Pastrana and sureties Socorro Gonzalez and Oscar Abadia each entered into written surety bond contracts with the United States pursuant to which they obligated themselves to pay the United States in the event of a bond violation by Defendant Jaime Pastrana. In addition, Jose Pastrana similarly entered into an oral surety bond contract with the United States pursuant to which he agreed to pay the United States $25,000.00 in the event of a bond violation by Defendant Jaime Pastrana.

4.   In the absence of evidence to the contrary, it can be assumed that a serious breach of a bail condition was voluntary. United States v. Frias-Ramirez, 670 F.2d 849, 853 (9th Cir. 1982). The court may enforce a bond forfeiture even if the government cannot show any specific prejudice, cost or inconvenience. Abernathy, 757 F.2d at 1015; Stanley; 601 F.2d at 382. In this case, the Court finds that Defendant Jaime Pastrana's failure to appear was voluntary.

5. A district court may consider six factors when deciding whether to remit the forfeiture of a bond.  These factors are (1) the defendant's willfulness in breaching a release condition, (2) the sureties' participation in apprehending the defendant,(3) the cost, inconvenience and prejudice suffered by the government, (4) mitigating factors, (5) whether the surety is a professional or a member of the family or friend, and (6) the appropriateness of the amount of the bond. Not all of the factors need to be resolved in the government's favor. United States v. Amwest Surety Insurance Co., 54 F.3d 601, 603 (9th Cir 1995). In this case,

1   after considering the relevant factors, the Court concludes

2   that the bond should be forfeited, and judgment entered

3   against Defendant Jaime Pastrana and each of the sureties.

4       6. In this case Defendant Jaime Pastrana willfully became

5   a fugitive. The sureties have not participated in his

6   apprehension and he remains a fugitive.  The government has

7   been prejudiced by defendant's flight.  There are no

8   mitigating factors.  The $75,000 amount of the bond that was

9   set in this case was appropriate.

10       7.  The Court will enter judgment forfeiting the bond of

11   Defendant Jaime Pastrana and a money judgment against each of

12   the three sureties.

13

14   DATED:   March 1, 2013

15                               JOHN F. WALTER

                                  UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28